CHRISTIAN K. JENSEN ESQ.
P.O. Box 4001
Berkeley, CA 94704

US COURT
NORTHERN DISTRICT

FILED
JUN 20 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

08-3030 JSW

Christian K. Jensen Esq,    ) Case No.:
    Plaintiff,    )
  vs.    ) APPLICATION AND SUPPORTING DECLARATION OF
Bernard C. Jensen, Kurt M. Jensen, Eric    ) CHRISTIAN K. JENSEN ESQ. FOR TEMPORARY
Jensen, Judith Jensen    ) RESTRAINING ORDER AND ORDER TO SHOW CAUSE
    Defendant    ) RE: PRELIMINARY INJUNCTION; CERTIFICATION
        ) RE: NOTICE

EMAIL - JENSENATTORNEY@YAHOO.COM

Dated this 6/20/08

1979 ELINORA DRIVE
PLEASANT HILL, CA 94523
CHRISTIAN K. JENSEN ESQ.

Plaintiff Christian K. Jensen Esq. applies for a temporary restraining order restraining defendants Bernard C. Jensen, Kurt M. Jensen, Eric R. Jensen, Judith R. Jensen, and his/her agents, servants, and employees, from:

- WRONGFULLY INSTITUTING CRIMINAL PROCEEDINGS AGAINST PLAINTIFF

-threatening or harassing plaintiff, either in person, via telephone and any other means,

- DISPOSSESSING PLAINTIFF FROM HIS HOME.

and DESTROYING PLAINTIFF'S EVIDENCE OF DEFENDANTS CRIMINAL BEHAVIOR TOWARD PLAINTIFF, P'S CLOTHES, SUITS, PERSONAL PROPERTY, EVIDENCE OF PLAINTIFF'S REAL PROPERTY, ALL UNIVERSITY DEGREES/PAPERS/BOOKS

-coercing, encouraging, authorizing, acting on behalf of, or financing in concert with any other defendant the moving of Judith Jensen or removal of any of her or plaintiff's property from 1979 Elinora Drive or engage in any other conduct listed in this complaint

-the sharing of any and all private information concerning plaintiff defendants may have

-vandalizing garden, garden furniture, throwing beer cans, cigarette butts, or other garbage into or onto property

-with the exception of Judith Jensen, coming within 100 yards of the plaintiff for any reason with the exception of necessary court appearances and related legal purposes,

-from withholding any and all information regarding any removal or move of any object or person from 1979 Elinora Drive , and

-from entering or remaining for any length of time the leasehold property of Christian K. Jensen Esq., located at 1979 Elinora Drive, Pleasant Hill, California, and

an order to show cause why a preliminary injunction should not be granted enjoining defendants and his/her agents, servants, and employees, from committing or performing the above described acts during the pendency of this action. This application is made upon the grounds that a monetary judgment at law would be inadequate/unascertainable, would result in a multiplicity of suits, and on the further ground that great and irreparable injury will result to plaintiff before the matter can be heard on notice.

Plaintiff Christian K. Jensen Esq. has not previously applied to any judicial officer for similar relief.

This application is based on the complaint on file in this case, the declaration of plaintiff appended to this application, and upon the attached Memorandum of Points and Authorities.

Law Offices of Christian K. Jensen Esq.
By: _____
Attorney for Plaintiff

SUPPORTING DECLARATION OF CHRISTIAN K. JENSEN ESQ.

I, CHRISTIAN K. JENSEN ESQ., DECLARE:

I AM THE PLAINTIFF IN THIS ACTION, MAKE THIS DECLARATION IN SUPPORT OF PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION.

The acts sought to be restrained are:

- *WRONGFULLY INSTITUTING CRIMINAL PROCEEDINGS AGAINST PLAINTIFF*

-threatening or harassing plaintiff, either in person, via telephone and any other means. On repeated occasions from October 2003 until the present time as noted in the verified complaint, defendants Bernard and Eric Jensen have threatened and harassed plaintiff, placed plaintiff in great apprehension for his personal safety and personal property, and destroyed plaintiff's property for no legitimate purpose and wrongful.

and

- *DESTRUCTION OF ALL OF PLAINTIFF'S PROPERTY/EVIDENCE OF DEFENDANT'S CRIMINAL BEHAVIOR TOWARD P. DISPOSSESSING P.*

-coercing, encouraging, authorizing, acting on behalf of, or financing in concert with any other defendant the moving of Judith Jensen or removal of any of her or plaintiff's property from 1979 Elinora Drive or engage in any other conduct listed in this complaint. Defendants Bernard, Kurt, and Eric Jensen are attempting to move Judith Jensen without informing plaintiff of their intentions to allow plaintiff to properly plan for and protect his home and business. Defendant Kurt Jensen has defamed plaintiff and demonstrates a desire to harm plaintiff's business income, personal property, and personal safety by financing and structuring the dispossession of plaintiff from his home by flying from his home to the Bay Area June 1 to quickly and personally make all moving

arrangements and personal arrangements for the imminent removal of Judith Jensen, including personally looking for a new residence for Judith Jensen while these papers were filed. Similar behavior was noted in Eric Jensen the week after threats were telephoned by Bernard Jensen to plaintiff that "it is time for you (plaintiff) to go" and for plaintiff to "not make (defendant) come over and do something bad (to plaintiff)". These acts are wrongful, without right and serve no legitimate purpose. The purpose of defendants' outrageous behavior is to harm plaintiff.

-the sharing of any and all private information concerning plaintiff defendants may have

-vandalizing garden, garden furniture, throwing beer cans, cigarette butts, or other garbage into or onto property. From April 2005 and onward, various objects, beer cans, cigarette butts, variuos junk have been thrown frequently upon plaintif's property. Defendants have entered into the backyard and damaged plants and garden furniture such as plaintiff's favorite chair, breaking it so it cannot be used. These continuing acts of harassment must stop.

-with the exception of Judith Jensen, coming within 100 yards of the plaintiff for any reason with the exception of necessary court appearances and related legal purposes,

-from withholding any and all information regarding any removal or move of any object or person from 1979 Elinora Drive . Plaintiff has enjoyed a close relationship with defendant Judith Jensen, plaintiff's mother. Plaintiff now observes that after Judith Jensen meets with either Bernard or Eric Jensen or discusses plans with Kurt Jensen she is moody and reticent. She will fail to discuss any subject or plan with plaintiff and will lie that she was with them, for example when defendant Eric Jensen came over May 27, after being absent and out of sight for months, since January. Defendant suddenly and immediately appeared after Bernard Jensen threatened plaintiff, to personally scout for and hurredly find an apartment for Judith Jensen.

Plaintiff had gone to Martinez on May 27, the same day, to work on this case. Plaintiff observed Judith Jensen's car at the Martinez Marina and observed Eric Jensen with her, yet later she denied he was ever with her.

Defendant's Awareness of Plaintiff's Activities and Desire to Complete Threatened Acts

Bernard Jensen somehow knew plaintiff intended to take action regarding his threats toward plaintiff and suddenly changed his appearance; he shaved off his beard and mustache and cut his hair, something he has never done in more than thirty years.

Moreover, despite ever more increasing frequency of telephone calls in recent months from defendants Bernard, Kurt, Eric to Judith, after Bernard's threats, suddenly there were none, no telephone calls until June 1 when Kurt Jensen made arrangements to come up from San Diego and like defendat Eric Jensen, personally find an apartment and engage in Judith's removal. Defendant Kurt Jensen made these arrangments the week plaintiff began work on this complaint. These facts demonstrate both an awareness of plaintiff's work on the complaint and an awareness of their threatening behavior: what they themselves are planning and attempting to complete. These facts also demonstrate their awareness their behavior is wrongful.

   1.   -from withholding any and all information regarding any removal or move of any object or person from 1979 Elinora Drive . Defendant Kurt Jensen intended to move Judith Jensen from July 2007, but did not inform plaintiff of this fact, nor discuss any details of what he was thinking at this time. No discussion with plaintiff or notice was provided to plaintiff as to defendant's intent.

**Plaintiff Informs Defendant in Writing**

Plaintiff found out about plans for removal in late October for removal in sixty days. Plaintiff immediately became concerned for his business income, possession of his leasehold real property, and health. Noting the holiday period and the difficulty in getting things done at this time, Plaintiff informed Judith in writing of the things that needed to be accomplished in order for him to stay in his leasehold and continue to grow his business income, and noted he would have only around thirty days to accomplsh these tasks. Plaintiff also noted that defendant also had not made any detailed plans, and wondered why the intense pressure and who was doing it. In successive discussions with Judith, it became clear as things developed that defendants had a great interest in moving extremely quickly to harm plaintiff by engaging Judith's removal and dispossessing plaintiff. No discussion was made to ensure plaintiff could continue to sustain his business and stay in his home. No information was given to plaintiff regarding defendant's intentions, even when plaintiff requested information directly. When any

information was given, it would be very vague, and would change. A July removal date was given to plaintiff; plaintiff responded in February where he had accomplished and what needed to be done. Defendants did not respond to plaintiff, and instead are now attempting to leave even earlier than what was stated originally, and even wish to remove fixtures, such as the refrigerator, plaintiff purchased in order to drive plaintiff out of his home. Defendants' constantly changing plans and statements, wrongful conduct in the form of threats and threatened conduct show plaintiff of the need for relief from this court.

-from entering or remaining for any length of time the leasehold property of Christian K. Jensen Esq., located at 1979 Elinora Drive, Pleasant Hill, California. Defendants have made it abundantly clear they intend to harm plaintiff. They have done this by their threats on the telephone, extraordinary efforts to move Judith Jensen out earlier, and aggressive visits to Elinora Drive . The effect of these acts is to intimidate, annoy and threaten the plaintiff, dispossess the plaintiff from his home and harm his business, property and health. None of defendants wrongful acts have any legitimate purpose and are meant completely and solely to seriously harm plaintiff, and relief is needed from this court to prevent defendants' continual conduct and threatened conduct.


3.        Exhibit A attached to and made part of this declaration is a tape made by Christian K. Jensen Esq. on May 15, 2008. I personally observed and made this tape, which contains threats made by Bernard C. Jensen directed at plaintiff. Exhibit A is a fair and accurate representation of defendant's voice, telephone calls, and threats he made at this time as it occurred on May 15, 2008. It is significant because it demonstrates the mind set of defendants and their desire to engage in wrongful conduct.

—

Exhibit B attached to and made part of this declaration is made by Christian K. Jensen Esq. is a photograph taken by Christian K. Jensen Esq. in May 2008. It shows the progressive killing of flowering plants in the front yard. I personally observed the scene in question, and Exhibit B is a fair and accurate representation of plaintiff's property as it occurred in April - May 2008. It is significant because it shows the effect defendants' activities on the front yard of plaintiff, and again demonstrates defendants' harmful mindset.

Exhibit C attached to and made part of this declaration is made by Christian K. Jensen Esq. is a photograph taken by Christian K. Jensen Esq. in April 2008. It shows the flowering plants in a more healthy state, prior to their vandalization in late April - May 2008. I personally observed the scene in question, and Exhibit C is a fair and accurate representation of plaintiff's property as it occurred. It is significant because it shows in relation to the other exhibits how the situation is developing, and defendants desire to engage in threatening and wrongful conduct.

As mentioned, the main desire of defendants in becoming more aggressive, hurried, and threatening toward defendant is to dispossess plaintiff and harm his business, income and health, and cause irreparable harm for which monetary damages would be both unascertainable and inadequate to repair the untold amount of harm their threatened move would cause at this time.

Unless a temporary restraining order is granted irreparable injury will result to plaintiff: loss of his legal practice and income, dispossession from his home, loss of his ability to care for himself, and loss of his personal property.

On October 2003, and a number of times since then, plaintiff has demanded that defendants stop their wrongful threatened conduct described above. Defendants have refused and still refuse , to refrain from their continuing and threatened conduct. It is time for this conduct to stop.

The above facts are within my personal knowledge and I am competent to testify to their truth if called as a witness.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

May 30, 2008

_____

SUPPORTING DECLARATION OF CHRISTIAN K. JENSEN ESQ.

RE: ADVANCE NOTIFICATION

I CHRISTIAN K. JENSEN ESQ. DECLARE

I am an attorney at law duly admitted to practice before all the courts of the State of California and the attorney of record herein for the plaintiff in the above described action.

On May 27, 2008 I informed Ms. Jensen verbally and in writing that the above application for a temporary restraining order and order to show cause would be made on June 2, 2008. There was no response. I could not determine whether to expect opposition to the application. Notice to other defendants Bernard Jensen, Kurt Jensen, or Eric Jensen of the time and place the above application for a temporary restraining order should not be required for the following reasons:

> 1. Under the Family Code 6200, an application for a temporary restraining order is allowed without notice when there is good cause, and when irreparable injury could result if defendant's conduct continued. Defendants' record of past unlawful violence, both Eric Jensen and Bernard Jensen have personally threatened plaintiff with violence on many occasions since June 2003; the current credible threat of violence to plaintiff from Bernard and Kurt Jensen, Bernard Jensen was convicted of and served jail time for, a violent felony, carries weapons in his van, and made telephone calls specifically threatening plaintiff on May 15, 2008, with Kurt Jensen coming to stay physically with plaintiff to complete his plans of wrongful conduct, and the background of defendants continuing course of threats and wrongful behavior all demonstrate good cause for a reasonable person to believe a credible threat of violence and irreparable harm could result if notice were given.
>
> I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Signature:

A. A PRELIMINARY INJUNCTION SHOULD BE ISSUED IF PLAINTIFF'S RIGHT TO RELIEF IS APPARENT FROM THE COMPLAINT AND THE RELEIF CONSISTS IN RESTRAINING THE COMMISSION OR CONTINUANCE OF THE ACT COMPLAINED OF. IN THIS CASE, PLAINTIFF'S COMPLAINT DEMONSTRATES THAT DEFENDANTS BEHAVIOR HAS BEEN CONTINUING AND WRONGDFUL. THEREFORE THE COURT SHOULD GRANT THE RELIEF REQUESTED.

**Restraining Commission or Continuance of Act**

An injunction may be granted when it appears by the complaint the plaintiff is entitled to the relief demanded and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually. (Code Civ. Pro. Sect.526(a)(1); Dingley v. Buckner (1909) 11 Cal App 181, 181, 183-4, 104 P. 478; see Southern Christian Leadership Conference v. Al Malaikah Auditorium Co. (1991) 230 Cal App 3d 207, 223, 281 Cal Rptr 216.

Dated: May 30,2008

Respectfully Submitted,


Law Offices of Christian K. Jensen Esq.

By:_____ _____ _____ _____

Christian K. Jensen Esq.

Attorney for Plaintiff


II.                               Argument

DEFENDANTS' CONDUCT CONTINUING

Defendants have a history of violence toward plaintiff; more recently they have become more and more aggressive in seeking to harm plaintiff by threatening him with physical violence, annoy and harass plaintiff, and dispossess plaintiff and destroy his legal business income and life.

A temporary restraining order and preliminary injunction is necessary to prevent the continuation of the harassment, threats and other wrongful conduct and the commission of threatened act of moving and dispossessing the plaintiff.

III.     Discussion of Authorities

a. Restraining Commission or Continuance of Act

In Dingley v. Buckner (1909) 11 Cal App 181 104 P. 478, plaintiffs were owners investors of equipment that was necessary for conducting a creamery business. They purchased cream from neighboring farmers and dairy men, manufactured it into butter and shipped it to Los Angeles for sale. The complaint alleged that defendant sheriff was threatening to take possession of the building in which their creamery business was conducted and close it under a writ of attachment unless he was restrained from doing so. The superior court had dissolved a preliminary injunction, but the court of appeal reversed the superior court, stating the complaint presented one of the most uncontested grounds for the writ of injunction.

The Court of Appeal stated no proceeding at law could afford an adequate remedy for the destruction of one's business. It quoted from former Code Civ Pro 526 (now relettered as the current code Code Civ Proc. Sect 526 (a) 1, and stated that not only a part, but virtually all of the relief demanded by plaintiff's consisted in "restraining the continuance of the act compklained of", namely the possession of the prioperty, and thereby, an interference with the operation of the plant and consequent destruction of the business. Defendant's suggestion that plaintiff's could go out into the market and replace the equipment was refuted with the court's statement that it would be just as legitimate to argue that the plaintiff's might lease other premises or go into some other business. The court observed that if the fundamental rights of the individual to liberty and the possession of property are to be regarded, plaintiffs could not be precluded by a trespasser from conducting that particular business at that particular place and with the equipment of their own choosing (11 Cal App 181, 183-4).

In Southern Christian Leadership Conference v Al Malaikah Auditorium Co. (1991) 230 Cal App 3d 207, 223, 281 Cal Rptr 216. , plaintiff brought an action for damages involving the rental of an auditorium on a specified date.  The court explained that a plaintiff is not required to wait until he or she suffers actual harm but may seek injunctive relief against threatened  infringement of the plaintiff's rights.  The court of appeal affirmed , rejecting defendants' contention that plaintiff's election to proceed to trial on breach of contract should preclude injunctive relief.  A preliminary injunction simply forms an auxiliary remedy to preserve the staus quo until final judgment.  In ruling on a preliminary injunction, the trial court considers whether a greater injury will result to the plaintiff if refused than to the defendant if it is granted.  The trial court will grant a preliminary injunction if there is a reasonable possibility that plaintiff will successfully assert his or her rights.  The granting or denial of a preliminaryu injunction on a verified complaint, together with oral testimony or affidavits, rests with the triakl court.  Here the fact that the action was for breach of contract did not preclude and allowed for the issuance of a preliminary injunction.


A PRELIMINARY INJUNCTION SHOULD BE ISSUED IF AN ACT WOULD PRODUCE WASTE, OR GREAT OR IRREPARABLE INJURY TO A PARTY DURING LITIGATION.  IN THIS CASE, AS SHOWN BY THE COMPLAINT AND DECLARATIONS, PLAINTIFF WILL SUFFER SUCH HARM AS VIOLENT PHYSICAL HARM, DISPOSSESSION, LOSS OF ATTORNEY BUSINESS AND PROFESSIONAL BUSINESS INCOME, LOSS OF POSSESSIONS, AND ENDANGERMENT OF PERSONAL SAFETY.

**Irreparable Harm**

II. ARGUMENT

   Defendants' activities could result in irreparable harm to plaintiff if not restrained.  Defendant has made large investments in his legal practice in Pleasant Hill .  He has had stationery printed, he is involved with the Contra Costa Bar Association, and he is establishing himself as a defense attorney.  He has invested much money in buying accoutrements, law books, professional clothing, a computer and other equipment for practice as an attorney.  He has made investments to expand his skills, becoming a notary.  He is increasing his business income as an attorney, and thus wishes to continue.  By becoming dispossessed, plaintiff stands to lose all of his potential income, his clothing accoutrements, and books, his computer, personal possessions, and his home.  By continuing to endure harassments and threats, plaintiff fears for his personal safety and his health.  Injunctive relief is required because

of the the irreparable harm which would result to plaintiff unless injunctive relief is granted.

III. Discussion of Authorities

    a)    Great or Irreparable Injury or Waste

In <u>Volpicelli v. Jared Sydney Hospital</u> (1980) 109 Cal App 3d 242 167 Cal Rptr 610 , <u>Smith v.Smith</u> (1942) 49 Cal App. 2d 716, the term "irreparable injury " means that species of damages, whether great or small, that ought not to be submitted to on the one hand or inflicted on the other. This definition warrants the use of the injuctive power of the court against a wrong that a trial judge deems insufferable because it constitutes an over bearing assumption by one or more people of superiority and domination over the rights and property of others. (<u>Fretz v. Burke,</u> (1967) 247 Cal App 2d 741, 55 Cal Rptr. 879)